1  Jennifer J. Brady (SBN 233440)
   Email: jbrady@reedsmith.com
2  Aaron R. Marienthal (SBN 273154)
   Email: amarienthal@reedsmith.com
3  REED SMITH LLP
   101 Second Street, Suite 1800
4  San Francisco, CA  94105-3659
   Telephone:     +1 415 543 8700
5  Facsimile:     +1 415 391 8269

6  Attorneys for Defendants Bank of America,
   N.A. (erroneously sued as "Bank of America")
7  and Mortgage Electronic Registration Systems,
   Inc.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 ANDRE AND JULIA DANIELS,                  Case No. 3:13-cv-00451

            Plaintiffs,                      **DEFENDANTS' NOTICE OF MOTION
12                                           AND MOTION TO DISMISS COMPLAINT
                                             OF PLAINTIFFS ANDRE AND JULIA
13 vs.                                       DANIELS; MEMORANDUM OF POINTS
                                             AND AUTHORITIES IN SUPPORT
14 BANK OF AMERICA, SCME MORTGAGE           THEREOF**
   BANKERS, REAL TIME SOLUTIONS, and
15 MORTGAGE ELECTRONIC REGISTRATION          [Fed. R. Civ. Proc. 12(b)(6)]
   SYSTEMS, INC., a foreign corporation,
16                                           Date:   March 21, 2013
            Defendants.                      Time:  11:00 a.m.
17                                           Dept:   C - 15th Floor

18                                           Compl. Filed:  October 5, 2012

19                                           Honorable Laurel Beeler

20                                           [Concurrently filed with [Proposed] Order and
                                             Request for Judicial Notice]
21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          PLEASE TAKE NOTICE that on March 21, 2013 at 11:00 a.m., or as soon thereafter as the

3  matter may be heard, in Courtroom C – 15th Floor, of the above-entitled Court located at 450 Golden

4  Gate Avenue, San Francisco, California 92101, Defendants Bank of America, N.A. (erroneously

5  sued as "Bank of America") and Mortgage Electronic Registration Systems, Inc. (collectively

6  "Defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure

7  12(b)(6) for an order dismissing the Complaint of Plaintiffs Andre and Julia Daniels ("Plaintiffs"),

8  and each claim for relief alleged therein against Defendants, on the ground that the Complaint fails

9  to state any claim upon which relief can be granted. This Motion is based on this Notice of Motion

10  and Motion, the accompanying Memorandum of Points and Authorities, court records and files, and

11  upon such other matters that the Court may consider at the hearing on the Motion.

12

13

14          DATED:  February 13, 2013.          REED SMITH LLP

15

16                                                By      /s/ Aaron R. Marienthal

17                                                   Aaron R. Marienthal (SBN 273154)
                                                   Attorneys for Defendants Bank of America, N.A.

18                                                   (erroneously sued as "Bank of America") and
                                                   Mortgage Electronic Registration Systems, Inc.

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Almost eight years ago, Plaintiffs Andre and Julia Daniels ("Plaintiffs") obtained a mortgage loan secured by a Deed of Trust and subsequently defaulted on the loan.  Plaintiffs do not dispute that they have been in default on their obligations since September of 2010.  Instead, like the flood of similar foreclosure avoidance cases, Plaintiffs challenge the standing of Defendants Bank of America, N.A. (erroneously sued as "Bank of America") ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") to initiate non-judicial foreclosure even though the law is crystal clear that Plaintiffs have no legal, let alone factual basis to do so.

Plaintiffs' Complaint boils down to the uniformly rejected "show me the note" argument. Although Plaintiffs originally filed their case in New York, the well-settled, governing *California* law is clear: Plaintiffs have no standing to challenge the alleged securitization of their loan and cannot circumvent California non-judicial foreclosure law by attempting to require Defendants to "prove" they are entitled to enforce Plaintiffs' loan obligations.

While Plaintiffs' claims are not specifically identified, they fail for at least the following reasons:

- Plaintiffs' first, "lack of standing," claim fails because they fail to allege tender, they cannot preemptively challenge Defendants' authority to foreclose, they lack standing to challenge the securitization of their loan, and their "holder of the note" theory is uniformly rejected.

- Plaintiffs fail to plead fraud with the requisite specificity, do not state any actionable misconduct, and fail to plead justifiable reliance and damages; and

- Plaintiffs fail to allege an actual controversy to support their request for declaratory relief.

In sum, Plaintiffs fail to state a claim against Defendants as a matter of law and the Court should dismiss the Complaint with prejudice.

## II.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On May 26, 2005, Plaintiffs obtained a $650,000.00 mortgage loan from SCME Mortgage Bankers, Inc. ("SCME") related to real property located at 77 Cottini Way, Santa Cruz, California,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

95060 (the "Property").  Compl., ¶ 8; Request for Judicial Notice ("RJN"), Ex. A (Adjustable Rate Note).  The loan was secured by a Deed of Trust ("DOT"), identifying SCME as lender, Stewart Title Company as trustee, and MERS as beneficiary.  Compl., ¶ 8; RJN, Ex. B (Deed of Trust).

On August 22, 2011, MERS assigned its interest to U.S. Bank, National Association, as Trustee for the Certificateholders of Harborview Mortgage Loan Trust 2005-08, Mortgage Loan Pass-Through Certificates, Series 2005-08 ("U.S. Bank").  RJN, Ex. C.  On August 13, 2012, U.S. Bank appointed Recontrust Company, N.A. ("Recontrust") as the substitute trustee.  RJN, Ex. D.  On August 14, 2012, ReconTrust recorded a Notice of Default and Election to Sell Under Deed of Trust. RJN, Ex. E.  The Notice of Default indicates that, as of August, 2012, Plaintiffs were more than $127,000 in arrears.  *Id*. On November 28, 2012, a Notice of Trustee's Sale was recorded.  RJN Ex. F.

Plaintiffs now claim "there has been confusion as to the true identity of what entity actually owns or holds the Note and/or Mortgage" such that Defendants have no authority to foreclose on the Property. Compl., ¶ 11. Specifically, Plaintiffs allege that "MERS assignments have numerous defects" and "the foreclosing party lacks standing to foreclose as a result of not physically possessing the note and mortgage at the time of making demands from plaintiffs."  Compl., ¶¶ 12-13.  Plaintiffs further allege that there is no recorded transfer of the servicing rights to their loan in the public records of Santa Cruz County, California.  Compl., ¶ 14.  Plaintiffs also claim unspecified Defendants "have engaged in fraudulent, deceptive and illegal tactics in order to commence foreclosure proceedings" Compl., ¶ 16.  Finally, Plaintiffs claim they are entitled to declaratory relief to determine who has the authority to collect the amounts due under their mortgage and exercise the powers granted by the Deed of Trust following their default.  Compl., ¶ 22.

Plaintiffs filed their Complaint in the U.S. District Court for the Eastern District of New York on October 5, 2012.  By stipulation of the parties, the case was transferred to the Northern District of California.

### III.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable

2   legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams*, 490 U.S.

3   319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).

4   Time barred claims and remedies are also properly disposed of on a motion to dismiss.  *See King v.*

5   *Cal.,* 784 F.2d 910, 913-915 (9th Cir. 1986).  The purpose of a Rule 12(b)(6) motion to dismiss is

6   "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to

7   fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced*

8   *Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

9        While all material allegations must be taken as true, "conclusory allegations without more are

10  insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*,

11  845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Indeed,

12  the Supreme Court recently confirmed the requirement that pleadings must contain more than labels

13  and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be

14  assumed true.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), citing *Bell Atlantic Corp. v.*

15  *Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the

16  form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."

17  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  In testing the complaint's

18  legal adequacy, the court may consider material properly submitted as part of the complaint or

19  subject to judicial notice.  *Schwartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007).  Moreover,

20  allegations of fraud are subject to a heightened pleading standard under Rule 9(b), which requires

21  that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

22  stated with particularity."  Fed. R. Civ. Proc. 9(b).

23        When it would be futile to amend the complaint's deficiencies, dismissal may be ordered

24  with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.    ARGUMENT

**A.    Plaintiffs' "Lack of Standing" Claim Fails Because They Fail To Allege Tender, They**
**Cannot Preemptively Challenge Defendants' Authority To Foreclose, They Fail To**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**State A Claim Against MERS, And The "Holder of The Note" Theory Is Uniformly Rejected**

Plaintiffs' first claim for relief alleges that there is "confusion as to the true identify of what entity actually owns or holds the Note and/or Mortgage and the true identity of what entity holds the servicing rights to the Note and/or Mortgage." Compl., ¶ 11. Further, Plaintiffs allege that "MERS assignments have numerous defects, which render them false, deceptive, and/or invalid." *Id.* at ¶ 12. Finally, Plaintiffs contend, without any authority, that "[BANA] must prove ownership or legal right to service said loan for plaintiffs' property. Yet, aside from failing to allege what "defects" are present in the Assignment of Deed of Trust, Plaintiffs cannot preemptively challenge Defendants' right to foreclose, and Plaintiffs do not—and cannot—allege any requirement that BANA must "prove ownership" to service the loan. In fact, the Deed of Trust says exactly the opposite. Moreover, Plaintiffs' claims fail because they have failed to allege tender, publically recorded document show the foreclosure was proper, and Plaintiffs' "show me the note" theory is uniformly rejected.

**1.    Plaintiffs Fail To Allege Tender**

First, a debtor cannot challenge the foreclosure proceedings without first credibly alleging tender: "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a *credible* tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, No. 09-00091, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (citing California law) (emphasis added); *see also United States Cold Storage of California v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale."); *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112 (1971). The tender requirement applies to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (affirming the sustaining of demurrer without leave to amend for lack of tender of amounts

due and owing under the loan).[1]

As a threshold matter, all of Plaintiffs' claims of irregularity in the foreclosure process fail because Plaintiffs do not—and cannot—allege that they have tendered the full amount owing on the Loan.  Compl., ¶¶ 8-14.  Plaintiffs' attempt to nullify the foreclosure proceedings fails for this reason alone.

**2.     Plaintiffs Lack Standing To Challenge The Securitization Of The Loan And Assignments Of The Deed Of Trust**

Second, to the extent Plaintiffs challenge the loan's securitization, the Assignment of Deed of Trust, or the transfer of rights subsequent to an unspecified "closing date"— presumably in a Pooling and Servicing Agreement—they have no standing to do so.  Compl. ¶¶ 9-10; *See, e.g. Frazier v. Aegis Wholesale Corp*., 2011 WL 6303391 at *5 (N.D. Cal. 2011) (holding that "[e]ven if Plaintiffs were right that their loan was not timely transferred to the trust, that does not mean that the owner of the note and deed of trust could not therefore foreclose.  That would simply mean that the loan was not put into the trust (*i.e.,* the investment vehicle).  It does not necessarily affect the trustee's authority set forth in the deed and assignment documents to initiate foreclosure.").  Moreover, any such transfer is independent of Plaintiffs' obligation to make payments under the terms of the Deed of Trust and independent of the validity of the underlying obligations.

The assignment of such rights can be made without notice to Plaintiffs and ***does not abrogate their obligations under the loan***.  Ex. B  Uniform Covenant ¶ 20 ("The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable

---

[1] The rationale behind the rule is sound.  "It would be futile to set aside a foreclosure sale on [technical grounds], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property.  Thus, it is sensible to require that a trustor, *whose default to begin with resulted in the foreclosure*, give proof before the sale is set aside that he now can redeem the property."  *United States Cold Storage*, 165 Cal. App. 3d at 1225 (emphasis added).  "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves."  *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Law.")[2]   The Note and Deed of Trust, which require Plaintiffs to make loan payments, are the *only* contracts to which they are a party.

### 3.   Plaintiffs' Cannot Preemptively Challenge Defendants' Standing To Foreclose And There Is No Requirement That Defendants Hold The Promissory Note

Third, under California law, a borrower may not bring a preemptive suit to challenge the standing of his lender to perform nonjudicial foreclosure. *Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149 (2011) (California's non-judicial foreclosure scheme, Civil Code sections 2924-2924k, does not "provide for a judicial action to determine whether the person initiating the foreclosure is indeed authorized" to do so); *Robinson v. Countrywide Home Loans, Inc*., 199 Cal. App. 4th 42, 46 (2011) ("We agree with the *Gomes* court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing. Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law.")

Further, Plaintiffs cannot state a claim based on their allegations that "the foreclosing party lacks standing to foreclose as a result of not physically possessing the note and mortgage[.]" Compl., ¶ 13.  Under California law, possession of the original documents is not a prerequisite to foreclose. *See, e.g.*, *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. . . . Production of the original note is not required to proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC*, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under the statutory framework to produce the original note

---

[2] To the extent Plaintiffs claim that "[BANA] must prove ownership or legal right to service said loan for plaintiffs' property, there is no such requirement.  Civil Code sections 2924-2924i provide the exclusive framework governing non-judicial foreclosure in California. *See Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.") (*citing Homestead Savings v. Darmiento*, 230 Cal. App. 3d, 424, 432-33 (1991)).  Under these statutes, if a deed of trust contains an express provision granting a power of sale, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may institute the foreclosure process.  Cal. Civ. Code § 2924 (a)(1) (emph. added); *Ung v. Koehler*, 135 Cal. App. 4th 186, 192 (2005). California law further provides that a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code § 2924b(4) (emphasis added).  The non-judicial foreclosure statutes do not require that a loan servicer "prove ownership" to service a loan.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   to initiate non judicial foreclosure."); *San Diego Home Solutions, Inc. v. ReconTrust Co.,* 2008 WL

2   5209972, at \*2 (S.D. Cal. Dec. 10, 2008) ("California law does not require that the original note be

3   in the possession of the party initiating non judicial foreclosure.").  Recently, the California Court of

4   Appeal in *Debrunner v. Deutsch Bank National Trust Company*, 204 Cal.App.4th 433 (2012), held

5   that "the procedures to be followed in a nonjudicial foreclosure are governed by sections 2924

6   through 2924k, *which do not require that the note be in the possession of the party initiating the*

7   *foreclosure.*" (emph. added).  Accordingly, Plaintiffs' claims fail as a matter of law and cannot be

8   cured by amendment.

9   **4.   Plaintiffs Fail To State A Claim Against MERS**

10       Fourth, Plaintiffs do not deny that they executed a Deed of Trust identifying MERS as the

11   beneficiary.  RJN, Ex. B.  In doing so, Plaintiffs unambiguously granted to MERS the authority to

12   enforce the terms of the Deed of Trust on behalf of the Lender, whoever that may be:

13       Borrower understands and agrees that MERS holds only legal title to the
         interests granted by Borrower in this Security Instrument, but, if necessary to
14       comply with law or customer, MERS (*as nominee for Lender and Lender's*
         *successors and assigns*) has the right: to exercise any or all of those interests,
15       including, but not limited to, the right to foreclose and sell the Property; and to
         take any action required of Lender[.]
16

17   *Id*. at 3.  To the extent Plaintiffs challenge the role of MERS [Compl. ¶12], they do not—and cannot

18   offer anything to negate the express appointment of MERS as agent of the Lender and its successors.

19   MERS properly assigned its interest to U.S. Bank on August 22, 2011. RJN, Ex. C.  Thus, Plaintiffs

20   fail to allege an actual controversy regarding U.S. Bank's interest in the Note and Deed of Trust.

21   **5.   Plaintiffs Fail To Allege Any Prejudice**

22       Finally, even if Plaintiffs could allege that Defendants lacked standing to initiate

23   foreclosure—which they cannot—Plaintiffs' challenge to the foreclosure proceedings fails because

24   they fail to allege that they were prejudiced by any such defect.  Compl., ¶¶ 8-14.  Indeed, Plaintiffs

25   do not allege that multiple entities are attempting to collect on their debt.  Moreover, to the extent

26   Plaintiffs are alleging a procedural defect in the foreclosure proceedings, that is not enough to

27   warrant setting aside a foreclosure if "[t]here was no prejudicial procedural irregularity."  *See Knapp*

28   *v. Doherty*, 123 Cal. App. 4th 76, 94 (2004) (emph. in original); *Pantoja v. Countrywide Home*

1  *Loans, Inc.*, 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009) ("Courts have rejected claims of

2  deficient notice where no prejudice was suffered as the result of a procedural irregularity. Since

3  [p]laintiff does not allege that he suffered prejudice as a result of the deficiency of notice, [p]laintiff

4  fails to state a claim."); *see also Lehner v. United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982)

5  (upholding a sale where the borrower did not have any written notice because the borrower's actual

6  notice negated any claim of prejudice).

7        For all of the reasons set forth above, Plaintiffs' claim fails, and should be dismissed with

8  prejudice.

9  **B.    Plaintiffs' Fraud Claim Is Inadequately Pled And Fails To State Any Actionable**

10      **Misrepresentation**

11        Plaintiffs' second claim, ostensibly for fraud, alleges "Defendants have engaged in

12  fraudulent, deceptive and illegal tactics in order to commence foreclosure proceedings for the

13  property herein." Compl.,. ¶ 16. Plaintiffs' claim fails because they fail to plead fraud with any

14  degree of specificity, and fail to allege any of the required elements of a fraud claim.

15                **1.    Plaintiffs Fail To Plead Fraud With Specificity**

16        To state a claim for fraud, a plaintiff must allege: (1) misrepresentation of a material fact;

17  (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the

18  misrepresentation; and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).

19  "[T]he allegations in a fraud action need not be liberally construed." *Wilhelm v. Pray, Price,*

20  *Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).

21        Pursuant to Federal Rule of Civil Procedure 9(b), when alleging mistake or fraud, the

22  plaintiff must state the circumstances constituting the mistake or fraud specifically. Fed. R. Civ. P.

23  9(b). "The Complaint must specify such facts as the times, dates, places, benefits received, and

24  other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.

25  1993) (citations omitted). In other words, a plaintiff must state "the who, what, when, where and

26  how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-07 (9th Cir. 2003).

27  Moreover, where multiple defendants are named, each defendant's acts must be <u>individually</u>

28  <u>identified</u> – it is not sufficient to allege that "defendants" made misstatements. *Icebox-Scoops v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Finanz St. Honore, B.V,* 676 F.Supp.2d 100 (*E.D.N.Y. 2009*) (party alleging fraud against multiple defendants must inform <u>each</u> defendant of the nature of his alleged participation in the fraud by setting forth separately the acts or omissions by each defendant); see *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together").

Plaintiffs fall far short of this stringent standard.  They fail to allege even the most basic elements of fraud, let alone the how, when, where, to whom, and by what means any representations were tendered.  Compl., ¶¶ 15-20.  Even more, they fail to identify how their allegations amount to actionable misstatements.  *Id*.  And Plaintiffs confusingly allege that "Real Time" is claiming to be the servicer for the lender," when they previously alleged that BANA "must prove ownership…to service said loan."  Compl. ¶¶ 14, 18.  Plaintiffs come nowhere near alleging a fraud claim, let alone any comprehensible facts to support their meritless conclusions.

### 2.    Plaintiffs Fail To Plead An Actionable Misrepresentation, Intent, or Falsity

Plaintiffs make three allegations against Defendants: that unspecified fraudulent documents were used in the foreclosure (Cmplt. ¶ 16, 20), that Recontrust's involvement is somehow fraudulent (Cmplt. ¶ 18), and Defendants did not follow unspecified New York law requiring notice of the assignment.  Compl., ¶ 19.

As an initial matter, to the extent Plaintiffs' claim is founded on violations of New York law, it fails.  New York law simply does not apply to a non-judicial foreclosure conducted in the state of California.  *See*, *Moeller*, 25 Cal. App. 4th at 834.

Moreover, Plaintiffs fail to identify any fraud in connection with the assignment, or any of the foreclosure documents.  *See*, RJN, Exs. C-F.  To the extent Plaintiffs' fraud claim is derivative of their lack of standing to foreclose claim (Compl., ¶ 20), that claim fails as a matter of law, as set forth above.

Finally, the publically recorded documents refute any claim that ReconTrust acted improperly.  Recontrust was property appointed as the substitute trustee.  RJN, Ex. D.  Recontrust also had authority to file the Notice of Default as the agent of the beneficiary.  RJN, Ex. E; Cal. Civ.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Code § 2924(a)(1) (a "trustee, mortgagee or beneficiary or any of their authorized agents" may institute the foreclosure process).  Thus, not only do Plaintiffs fail to plead any actionable misrepresentation, they fail to allege that any statement was false or that Defendants had any intent to defraud them.

### 3.   Plaintiffs Fail To Plead Justifiable Reliance or Damages

Plaintiffs do not even attempt to plead any action they took, or failed to take, as a result of any alleged fraud.  Compl., ¶¶ 16-20.  Nor do Plaintiffs plead any damages.  *Id*.  For these additional reasons, Plaintiffs claim fails and should be dismissed.

### C.   Plaintiffs' Declaratory Relief Claim Fails Because They Fail To Set Forth An Actual Controversy

Plaintiff's third claim, ostensibly for declaratory relief, asks the Court to determine the identity of the party entitled to collect on the Note and foreclose in response to Plaintiffs' default. Compl. ¶¶ 22-23.    However, declaratory relief is proper only where there exists an "actual controversy relating to the legal rights and duties of the respective parties."  Cal. Code Civ. Proc. § 1060; *see also Ratcliff Architects v. Vanir Constr. Mgmt.*, 88 Cal. App. 4th 595, 607 (2001) (concluding that claim for declaratory relief must fail as matter of law because plaintiff failed to state claim sufficient to recover on any other cause of action); *Brittain v. IndyMac Bank FSB,* No. C-09-2953 SC, 2009 WL 2997394, at *5 (N. D. Cal. Sept. 16, 2009).   The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).  To award relief under the Declaratory Judgment Act, the district court must first find that the action presents a case of actual controversy, as required by Article III of the Constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).  "Article III requires that there be a 'substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 2d 826 (1941)).  Here, there is no actual controversy because, as a matter of law, Plaintiffs fail to state a claim.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    As set forth above, Plaintiffs may not preemptively challenge Defendants' authority to

2    foreclose, there is no requirement that Defendants produce the original note, Plaintiffs fail to allege

3    any claim related to the Assignment of Deed of Trust or the securitization of the loan, Plaintiffs fail

4    to allege any claim against MERS, and fail to identify any fraud, defect in the foreclosure

5    proceedings, or anything else to support their frivolous claims.   As a matter of law, Plaintiffs do not

6    state an actual controversy and their declaratory relief claim must be dismissed accordingly.

7                                    **V.        CONCLUSION**

8         Plaintiffs' Complaint is made up of conclusions that lack both legal and factual support, and

9    are simply designed to avoid foreclosure.  Because Plaintiffs fail to state a single valid claim upon

10   which relief may be granted, Defendants respectfully request that the Court dismiss the Complaint

11   with prejudice.

12

13        DATED:  February 13, 2013.             REED SMITH LLP

14

15                                         By____/s/ Aaron R. Marienthal_____
                                              Aaron R. Marienthal (SBN 273154)
16                                            Attorneys for Defendants Bank of America, N.A.
                                              (erroneously sued as "Bank of America") and
17                                            Mortgage Electronic Registration Systems, Inc.

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware